IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOLORES SHAW, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>KOHLS INC., et al.,<br><br>Defendants. | CASE NO. 1:20-CV-1519<br><br>JUDGE<br><br>**DEFENDANT KIN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**[JURY DEMAND ENDORSED HEREON]** |

Now comes Defendant KIN, Inc. ("Kohl's"), improperly identified in the Complaint as "Kohl's Inc.", "Kohl's", "Kohl's Parma", "Kohl's Department Stores, Inc.", and "Kohl's Illinois, Inc." and states for its Answer and Affirmative Defenses to the Complaint of Plaintiffs Dolores Shaw and Michael Shaw (collectively "Plaintiffs") as follows:

1. Paragraph 1 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Kohl's admits that KIN, Inc. is a foreign corporation organized and existing under the laws of the State of Nevada with its principal place of business in the State of Wisconsin and that KIN, Inc. operates and owns the Kohl's retail store located at 6860 Ridge Road, Parma, Ohio. Further answering, Kohl's denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Paragraph 4 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Paragraph 8 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Kohl's denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Kohl's denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Kohl's denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Kohl's denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Kohl's denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Kohl's denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Kohl's denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Kohl's denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Kohl's restates and reavers Paragraphs 1 through 19 of its Answer as if fully rewritten herein.

21. Kohl's denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Kohl's denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Kohl's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

**SECOND DEFENSE**

24. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

25. Kohl's affirmatively alleges, in the alternative, that Plaintiffs have failed to join all necessary parties for a just adjudication of the captioned matter, including those parties who may possess a subrogated interest in this matter.

**FOURTH DEFENSE**

26. Kohl's affirmatively alleges, in the alternative, that Plaintiffs lack standing in this matter.

**FIFTH DEFENSE**

27. Kohl's affirmatively alleges, in the alternative, that it owed no duty to Plaintiffs as a matter of law.

**SIXTH DEFENSE**

28. Kohl's affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiffs are barred in whole or in part by their own comparative negligence.

**SEVENTH DEFENSE**

29. Kohl's affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred under the doctrine of superseding and/or intervening cause.

**EIGHTH DEFENSE**

30. Kohl's affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiffs were caused by the acts or omissions of persons and/or entities other than Kohl's, and over whose conduct Kohl's had no control, right to control, responsibility, or reason to anticipate.

**NINTH DEFENSE**

31. Kohl's affirmatively alleges, in the alternative, that Plaintiffs have failed to mitigate their damages, if any.

**TENTH DEFENSE**

32. Kohl's affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred by the equitable doctrines of payment, release, and/or laches.

**ELEVENTH DEFENSE**

33. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of waiver.

**TWELFTH DEFENSE**

34. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of estoppel.

**THIRTEENTH DEFENSE**

35. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

**FOURTEENTH DEFENSE**

36. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as Plaintiff assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiffs' Complaint.

**FIFTEENTH DEFENSE**

37. Kohl's affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiffs or on Plaintiffs' behalf for injuries alleged, such payments must be set off against damages awarded herein.

**SIXTEENTH DEFENSE**

38. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the open and obvious doctrine.

**SEVENTEENTH DEFENSE**

39. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred due to Plaintiffs' status on Kohl's property.

**EIGHTEENTH DEFENSE**

40. Kohl's affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred because Kohl's did not create the hazards complained of and/or did not have actual and/or constructive knowledge of the hazards complained of.

**NINETEENTH DEFENSE**

41. Kohl's affirmatively alleges, in the alternative, that Plaintiffs 'damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

**TWENTIETH DEFENSE**

42. Kohl's affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

**TWENTY-FIRST DEFENSE**

43. Kohl's respectfully reserves the right to amend its Answer to Plaintiffs' Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE KIN, Inc. demands that Plaintiffs' Complaint be dismissed with prejudice, at Plaintiffs' costs

Respectfully submitted,

/s/ *Nicholas P. Resetar*

Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
**ATTORNEYS FOR DEFENDANT KIN, INC.**

**JURY DEMAND**

KIN, Inc. demands a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

/s/ *Nicholas P. Resetar*

Bradley A. Wright
Nicholas Resetar

**PROOF OF SERVICE**

I hereby certify that on this 9th day of July, 2020, the foregoing was filed electronically. Notice of this filing was sent to counsel of record through the Court's electronic filing system.

/s/ *Nicholas P. Resetar*
Bradley A. Wright
Nicholas Resetar